[Crim. No. 12580.    In Bank.    Feb. 18, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. TONI ANTOIN-
ETTE KANOS et al., Defendants and Appellants.

Denis Kanos, in pro. per., and Barry Tarlow, under appointment by the Supreme Court, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Walter E. Wunderlich, Deputy Attorney General, for Plaintiff and Respondent.

PETERS, J.—Denis Kanos and his wife, Toni Antoinette Kanos, were convicted of possession of heroin and possession of heroin for sale. (Health & Saf. Code, §§ 11500, 11500.5.) He was found to have four prior felony convictions and was sentenced to prison. His wife's motion for new trial was denied, and narcotic addiction commitment proceedings were initiated. He has appealed from the judgment, and she from the order denying her motion for new trial. (Pen. Code, § 1237, subds. 1, 2.)

Over a two- to three-month period Los Angeles police officers received information from three informants that Denis Kanos was dealing in heroin. The officers had seen him driving a Thunderbird automobile but did not know his exact address. In connection with the arrest of Al Marrato, one of Kanos' dealers, the officers obtained Kanos' telephone number, and through the telephone company learned his address. They also discovered that Kanos was a parole violator and that a warrant for his arrest had been outstanding for a year. His parole officer who had not seen Kanos in over a year said that Kanos might be armed and that on a prior occasion he had bought, sold, possessed and attempted to use guns. The officers were also told by an informant that Kanos had recently sold him a stolen revolver. The officers then spoke to Captain Baucum of the Inglewood Police Department who said he knew Kanos, knew approximately where Kanos lived, and believed that Kanos might be armed. He had last seen Kanos 8 to 10 years earlier, and apparently his information that Kanos might be armed was at least 8 years old.

The Los Angeles police officers, the parole officer, and Captain Baucum went to the building where Kanos reportedly lived, saw a Thunderbird parked outside the building, and obtained an identification of Kanos by the apartment manager from a photograph. The officers went to Kanos' apartment and heard voices inside. They did not knock or ring but

kicked in the door and entered with drawn guns and found large amounts of narcotics. Defendants were arrested.

Defense counsel moved to exclude from evidence the narcotics found in the apartment and certain other evidence on the ground that the officers in entering the apartment acted in violation of section 844 of the Penal Code.[1] The instant case was tried before our decision in *People* v. *Rosales,* 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489]. The trial judge expressly denied the motion solely on the ground that, since Kanos was then on parole, the officer was entitled to burst in on the premises without compliance with section 844.

█ Since the search was made without a warrant the burden rested on the prosecution to show proper justification. (*People* v. *Henry,* 65 Cal.2d 842, 845 [56 Cal.Rptr. 485, 423 P.2d 557].) █ An unexcused failure to comply with section 844 of the Penal Code vitiates the following arrest and searches incident thereto and requires exclusion of evidence obtained in such searches. (*People* v. *Rosales, supra,* 68 Cal.2d 299, 302 et seq.)

In *People* v. *Rosales, supra,* 68 Cal.2d 299, 303-304, we held: "The fact that defendant was a parole violator deemed an 'escape and fugitive from justice' (Pen. Code, § 3064) did not excuse noncompliance with section 844, for the Legislature has expressly provided that an order to retake a parolee must be executed 'in like manner as ordinary criminal process' (Pen. Code, § 3061). Even an escape from custody, however, does not alone justify entrance into a house to make an arrest without explanation of purpose and demand for admittance. (Pen. Code, § 855; see also Pen. Code, § 1531; *People* v. *Arellano* (1966) 239 Cal.App.2d 389, 390-392 [48 Cal.Rptr. 686]; *People* v. *Stephens* (1967) 249 Cal.App.2d 113, 114-117 [57 Cal.Rptr. 66]." █ It is thus clear that the failure to comply with section 844 in the instant case may not be

---

[1]The objection to this evidence was seasonably made. When the prosecutor, at the end of the trial, sought to introduce the exhibits found at the Kanos apartment, defense counsel vigorously objected and argued at length that the search was illegal. He specifically argued the failure to comply with section 844. The prosecutor, who had already closed the prosecution's case, was permitted to reopen to present further evidence on the issue of the validity of the search. He did not, however, then or at any other time, offer any evidence of compliance with section 844.

Section 844 of the Penal Code provides: "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired."

excused on the ground that Kanos was a parole violator, and the trial court was in error in so ruling.

The Attorney General seeks to excuse compliance with the requirements of section 844 on the basis of the rules that compliance is excused where the officers have a reasonable belief that evidence is likely to be destroyed while the requisite demand is being made and where the peril to arresting officers will be increased by compliance. (*People* v. *Rosales, supra,* 68 Cal.2d 299, 305; *People* v. *Carrillo,* 64 Cal.2d 387, 391 [50 Cal.Rptr. 185, 412 P.2d 377].) Even if we assume that the evidence may be sufficient to excuse compliance with section 844 on the basis of either or both of these rules, it is clear that the trial court sought to excuse compliance on the ground that Kanos was a parole violator and did not determine that the officers had a reasonable belief that evidence would be destroyed while the requisite demand was made or that their peril would be increased by compliance. In the absence of such express or implied determinations by the trial court, we cannot hold that as a matter of law compliance with section 844 was excused. The appellants were entitled to a factual determination on this issue. (Cf. *People* v. *Sesslin,* 68 Cal.2d 418, 428 [67 Cal.Rptr. 409, 439 P.2d 321]; *People* v. *Henry, supra,* 65 Cal.2d 842, 846.) Although the officers had some information to the effect that Kanos might be armed, the information from the parole officer was about a year old and the information from Captain Baucum, if not based on the parole officer's information, was seemingly more than eight years old.

It is undisputed that the officers failed to comply with section 844, and on the record before us we cannot conclude as a matter of law that noncompliance was excusable. Without the evidence of the heroin obtained in the Kanos' apartment, the record is insufficient to sustain the judgment.

Defendants next urge that the arrest of Marrato was unlawful, that the telephone number secured as incident to that arrest was unlawfully obtained evidence, that without the telephone number the police officers would not have located them, and that therefore the evidence of their arrest and that uncovered by the search of their apartment was fruit of the unlawful search of Marrato. Even if it be assumed that the arrest of Marrato was unlawful,[2] this fact would not

---

[2]The police officers who arrested Marrato had information that Marrato was wanted for a parole violation, and that Marrato had just arranged a narcotics sale by telephone with another officer posing as a narcotics purchaser. The officers also had information from an informer

require exclusion of the evidence obtained by the search of his apartment.

■ Evidence will not be excluded merely because it would not have been obtained but for an illegal search if the connection between such evidence and the illegal search has " 'become so attenuated as to dissipate the taint.' " If, however, the connection is not so attenuated and the evidence has been " 'come at by exploitation of that illegality,' " then it is excludable. (*Wong Sun* v. *United States,* 371 U.S. 471, 487, 488 [9 L.Ed.2d 411, 455, 456, 83 S.Ct. 407] ; *People* v. *Bilderbach,* 62 Cal.2d 757, 766 [44 Cal.Rptr. 313, 401 P.2d 921].)

■ In the instant case the fact that Kanos was wanted for parole violation was not obtained through the arrest of Marrato. Although the telephone number was obtained in connection with the arrest, this information related only to the address of Kanos and was not incriminating in itself. Captain Baucum knew approximately where Kanos lived, and under all the circumstances there was not a sufficiently direct connection between the telephone number obtained from Marrato and the search of Kanos' apartment.

Inasmuch as the problem may arise on a retrial, the question of what penalty is to be imposed upon Kanos, if he is convicted, should be considered. He was charged with three prior narcotic convictions, and the trial court found them to be true. On October 14, 1957, defendant was convicted of two counts of violation of section 11500 of the Health and Safety Code. He appealed, and while on bail committed another violation for which he was convicted on August 1, 1958. He then dismissed his appeal, and was sentenced to serve concurrent sentences on all three convictions.

■ Under section 11500.5 of the Health and Safety Code a defendant who has a prior narcotic "conviction" which is a felony shall be imprisoned for a minimum of 10 years and not eligible for parole until he has served 6 years. If he has two such prior convictions the minimum term is 15 years and there is no eligibility for parole until he has served 15 years.

---

that Marrato was a dealer. The police had previously made several arrests for possession of heroin, based on the informer's information, but no heroin was ever found in connection with the informer's tips.

The police officers found Marrato's door ajar about 5 inches, secured by a safety chain. They announced they were police officers and then immediately forced the door open, breaking the safety chain. Marrato was arrested for possession of heroin. A search failed to turn up any narcotics but during the search a slip of paper was found which had written on it the name "Denis" with a telephone number. Marrato subsequently said that it was Kanos' telephone number.

Kanos' position is that since he served concurrent sentences he has only one prior conviction within the section. He points to cases which have involved the habitual criminal statute (Pen. Code, § 644), and hold that before a conviction may qualify as a prior, a separate term of imprisonment must have been served therefor.

The difficulty with Kanos' argument is that section 11500.5 of the Health and Safety Code refers to persons convicted whereas section 644 of the Penal Code refers to persons convicted upon ''charges separately brought and tried'' and who have served ''separate terms therefor.'' The difference in the statutory language would seem to warrant the conclusion that under section 11500.5 a prior consists of the determination of guilt on any count and that it is irrelevant that both priors may have been the result of a single trial or that concurrent or even no sentences of imprisonment were served for them. Kanos has not attacked the validity of section 11500.5.

The judgment and the order appealed from are reversed.

Traynor, C. J., Tobriner, J., and Sullivan, J., concurred.

MOSK, J.—I concur under compulsion of *People* v. *Rosales* (1968) 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489].

BURKE, J.—I dissent. The entry by the police officers in noncompliance with Penal Code section 844 was excused in the reasonable belief that appellant was armed, and that compliance would appreciably enhance their peril. (*People* v. *Maddox,* 46 Cal.2d 301, 305-307 [294 P.2d 6] ; see also *Ker* v. *California,* 374 U.S. 23 [10 L.Ed.2d 726, 83 S.Ct. 1623].) Under *Maddox,* supra, the test is whether there is reasonable cause to make the arrest and search and the facts known to the officers before their entry are not inconsistent with a good faith belief on the part of the officers that compliance with section 844 is excused.

Applying that test here the officers knew: (1) Appellant Denis Kanos was wanted for violation of parole (this was verified by his parole officer under whose direction he was apprehended). To police officers this would reasonably mean that appellant had much more at stake than the ordinary first offender; (2) that he was dealing in large quantities of heroin (this information was from several sources, including a reliable informant). Again, to police officers they knew they were dealing with a professional, not the usual ''pusher'' peddling

an occasional bindle to support his habit; (3) that he had dealt in weapons and was armed; that on a prior occasion he had bought, sold, possessed, and attempted to use guns. The latter information came from official files of the parole officer; (4) that he had recently sold an informant a stolen revolver; (5) that in "a very recent length of time, a matter of days," he had been known "to be in possession of several firearms" and that he probably would be armed.

The majority opinion attempts to reevaluate this information and depreciates its significance because a portion of it was one year old and another portion because it "was seemingly more than eight years old." Surely, we do not require of police officers that they engage in such minute analysis in deciding whether they are warranted in minimizing their exposure to gunfire. Let us ask ourselves whether if we had been standing in front of the apartment door knowing what these officers knew our evaluation of the danger would be lessened because the felon whom we had good reason to believe was on the other side of the door speaking with others had last attempted to use a gun one year or ten years earlier. What *would* reasonably concern us, or a police officer, would be the knowledge of the man's previously demonstrated propensity for possessing and using guns.

The trial judge heard the testimony of the officers and admitted the evidence on the ground that appellant Denis Kanos was a parole violator and therefore section 844 did not apply. Since this court's subsequent ruling in *People* v. *Rosales*, 68 Cal.2d 299 [66 Cal.Rptr. 1, 437 P.2d 489], this was error. However, as long as the evidence was admissible, the trial judge's statement of an erroneous reason for its admission is of no consequence unless it resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; *People* v. *Ray*, 252 Cal. App.2d 932, 955 [61 Cal.Rptr. 1]; *People* v. *Evans*, 249 Cal. App.2d 254, 257 [57 Cal.Rptr. 276].) There was no miscarriage of justice in this case.

I would affirm the judgment.

McComb, J., concurred.