[Crim. No. 14500.   Second Dist., Div. Five.   May 21, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD
FIELD ADKINS, Defendant and Appellant.

Howard C. McArdle, Jr., under appointment by the Court
of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Bruce M. Perlman, Deputy
Attorney General, for Plaintiff and Respondent.

KAUS, P. J.—Defendant appeals from a final judgment of conviction of a violation of section 11500 of the Health and Safety Code (possession of heroin).

On February 2, 1967, defendant was arrested at 1 a.m. in an apartment where he subleased a room from one Jean Mae Boswell. Present were Sergeants Maloney and Brown from the East Los Angeles sheriff's station; Sheriff's Deputies Figueroa, Loos and Hayes; and W. H. Damerell, a parole agent working for the Department of Corrections.

All six of the officers had come to the address in question because Sergeant Brown had told them that defendant was participating in numerous armed robberies and was also using narcotics very heavily. None of them knew that defendant actually lived at the apartment in question. That information had also been supplied by Sergeant Brown. No evidence of any kind concerning the source of all of Sergeant Brown's information was ever produced, he not having been called as a witness.

The officers determined that they were at the right address by looking at the mailbox which, however, only identified the apartment, not the name of its occupants. They knocked on the door, identified themselves as sheriff's deputies, demanded that the door be opened, heard running footsteps, the closing of a door and the running of water. They broke in. Defendant was arrested for robbery by one of the sheriff's deputies, as well as by Mr. Damerell who informed him that he was under arrest for violation of parole. Heroin was found in the apartment and, later, defendant confessed.

Although challenged to do so, the People never produced Sergeant Brown. At the preliminary hearing the deputy public defender, while objecting to the admissibility of the contraband, made the following statement: ". . . It would further seem to be apropos that particularly in Mr. Damerell's statements that from the knowledge that was gained of his going there and using his desires for establishing probable cause, *it is related solely with Sergeant Brown to events which are not within Agent Damerell's knowledge,* and he has not worked, as far as this record, with Sergeant Brown before. . . . Now, I would move to strike the testimony as to the officers that testified, that would be Agent Damerell and Officer Figueroa, on the grounds that the information they have relied on comes only by way of Sergeant Brown who is at this point not shown to be a reliable informant, unless we can say he is a sergeant, therefore, it is reliable. We have the further situation that this address is not known to either of

the officers again other than through Sergeant Brown. . . ." (Italics added.) At the trial, the very first case cited by another deputy public defender was *People* v. *Harvey,* 156 Cal.App.2d 516 [319 P.2d 689]. The People were therefore on ample notice that what defendant was challenging was their failure to produce any evidence on probable cause other than what the witnesses who testified had heard from Sergeant Brown. (Cf. *People* v. *Escollias,* 264 Cal.App.2d 16, 18-19 [70 Cal.Rptr. 65].)

▆ It is now well established by a long series of Court of Appeal cases and recognized as sound by at least one Supreme Court case (*People* v. *Lara,* 67 Cal.2d 365 [62 Cal.Rptr. 586, 432 P.2d 202]) that while it may be perfectly reasonable for officers in the field to break into homes and make arrests on the basis of information furnished to them by other officers, when it comes to justifying the total police activity in a court, the People must prove that the source of the information is something other than the imagination of an officer who does not become a witness. This was first recognized in *People* v. *Harvey, supra,* 156 Cal.App.2d 516, 523 where the court said: ". . . To allow this would permit the manufacture of reasonable grounds for arrest within a police department by one officer transmitting information purportedly received by him from an informer to another officer who had not received such information from the informer, without establishing under oath that the information had in fact been given to any officer by the informer, or indeed that there was an informer at all. . . ."[1]

In *People* v. *Lara, supra,* 67 Cal.2d 365, 374, the Supreme Court said: ''Officer Miller acted on information supplied by the Los Angeles Police Department, which had telephoned a request to the South Gate Police Department to take Lara into custody on the charge of murdering Raymond Mitchell. Officer Miller was entitled to make an arrest on the basis of this information, as it was received through official channels. (*People* v. *Webb* (1967) *supra,* 66 Cal.2d 107, 112 [56 Cal. Rptr. 902, 424 P.2d 342, 19A.L.R.3d 708], and cases cited.) *Of course, as there was no outstanding warrant for Lara's arrest the prosecution was also required to show (People v. Pease (1960) 242 Cal.App.2d 442, 450 [51 Cal.Rptr. 448]) that the officer who initiated the request had reasonable cause himself to believe that Lara had committed a felony*

---

[1]In the case at bar we do not even know whether Sergeant Brown purported to have obtained the information from an informer.

(*People* v. *Cartier* (1959) 170 Cal.App.2d 613, 617-618 [339 P.2d 172]).'' (Italics added.)

Among the more recent Court of Appeal cases recognizing the rule are *People* v. *Escollias, supra,* 264 Cal.App.2d 16, 19; *People* v. *Cox,* 263 Cal.App.2d 176, 185-186 [69 Cal.Rptr. 410]; *People* v. *Wohlleben,* 261 Cal.App.2d 461, 465-467 [67 Cal.Rptr. 826]; *People* v. *Scott,* 259 Cal.App.2d 268, 278-279 [66 Cal.Rptr. 257]; *People* v. *Rice,* 253 Cal.App.2d 789, 792-793 [61 Cal.Rptr. 394]; *People* v. *Gardner,* 252 Cal.App.2d 320, 325-326 [60 Cal.Rptr. 321]; *People* v. *Griffin,* 250 Cal. App.2d 545, 550 [58 Cal.Rptr. 707]; *People* v. *Hunt,* 250 Cal. App.2d 311, 314 [58 Cal.Rptr. 385]; and *People* v. *Pease,* 242 Cal.App.2d 442 [51 Cal.Rptr. 448].

Of these the one most in point is *People* v. *Pease, supra,* because there, as here, it was the probable presence of the defendant at the address where the police broke in which had been learned by an officer who did not testify.[2]

Stripped of what the officers had been told by Sergeant Brown, the evidence boils down to this: six law enforcement officers knocked on a door at 1 a.m., identified themselves, demanded entrance, heard running footsteps, the closing of a door and the running of water. Clearly this is not sufficient to permit forcible entry.

Section 844 of the Penal Code applies to parole officers, as well as to the police. (*People* v. *Kanos,* 70 Cal.2d 381, 384 [74 Cal.Rptr. 902, 450 P.2d 278]; *People* v. *Rosales,* 68 Cal.2d 299, 303-304 [66 Cal.Rptr. 1, 437 P.2d 489].)

The problem in this case is not the scope of a parole officer's authority to take a parolee into custody; nor is it whether Damerell was brought along by the police as a decoy for the purpose of effecting an arrest which the police, by themselves, had no right to make. It is far simpler: whether, without production of any evidence that anybody had "reasonable grounds for believing" defendant to be on the premises (Pen. Code, § 844), the entry was justified. It obviously was not. We need not speculate what the combined

---

[2]Section 844 of the Penal Code reads as follows: "To make an arrest, a private person, if the offense be a felony, and in all cases a peace-officer, may break open the door or window of the house in which the person to be arrested is, *or in which they have reasonable grounds for believing him to be,* after having demanded admittance and explained the purpose for which admittance is desired." (Italics added.) In *Pease* the officers did not find the person they were looking for on the premises. Here they did, but obviously breaking into a person's home at 1 a.m. cannot be justified by who turns up. (Cf. *People* v. *Brown,* 45 Cal.2d 640, 644 [290 P.2d 528].)

rights of the police and Damerell would have proved to be if the People had produced Sergeant Brown, the source of everybody's beliefs, as a witness.

The illegal entry vitiates the search and the judgment must be reversed. Through his appointed counsel defendant raises certain problems with respect to one or two prior felonies which he was found to have suffered. No documentation has been furnished us. We are, frankly, not quite certain what the claimed error is. Since there must be a retrial where communication between client, counsel and court can proceed along more comfortable lines, we think it best not to express an opinion on defendant's contention and to leave it for determination at the trial level, should it become relevant.

The judgment is reversed.

Stephens, J., and Aiso, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 6, 1969. McComb, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.