[Crim. No. 17059. Second Dist., Div. Five. Apr. 23, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
GEOFFREY CLARK THOMPSON, Defendant and Respondent.

## COUNSEL

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, David D. Minier, District Attorney, A. Barry Cappello and Floyd M. Merrill, Deputy District Attorneys, for Plaintiff and Appellant.

Jerry D. Whatley for Defendant and Respondent.

## OPINION

AISO, J.—The People appeal from an order of the Superior Court of Santa Barbara County which set aside an information (Pen. Code, § 995) charging defendant with a violation of section 11530.1 of the Health and Safety Code (cultivation of marijuana). (Pen. Code, § 1238, subd. 1.) We affirm the order although not upon the ground assigned by the trial court.[1]

The pivotal issue raised by respective counsel at the section 995 hearing and on this appeal is the validity of the federal warrant of arrest by virtue of which the customs agent effected entry into defendant's residence and

---

[1]Although recognizing that the rule in *Chimel* v. *California* (1969) 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034] was not retroactive to the time the search in this case was conducted (*People* v. *Edwards* (1969) 71 Cal.2d 1096, 1107 [80 Cal.Rptr. 633, 458 P.2d 713], the trial court excluded the marijuana plants on the ground that the finding of the marijuana seeds and "alligator clip" did not justify a search extending over the entire premises, and that it was therefore unnecessary to reach the question whether the arrest warrant was valid or that the entry, arrest, and search could be justified *aliunde* the arrest pursuant to warrant.

arrested him. We find the warrant of arrest invalid under both federal and state constitutional requirements and upon this basis we affirm the order setting aside the information.

On May 5, 1969, Vernon G. Pitsker, a United States Treasury Department customs agent, went to defendant's residence at 984 Camino Del Sur in the Isla Vista section of Santa Barbara County, armed with an arrest warrant, for the purpose of arresting defendant. He was accompanied by Deputy Sheriff Edward Piceno, assigned to the narcotics and detective divisions of the Santa Barbara sheriff's office, who had come along at Pitsker's request to assist him in arresting defendant.

Upon arrival at the premises, Pitsker found the door open. He looked through the open doorway and observed defendant standing near the entrance to the kitchen. Pitsker knocked on the door, and defendant answered, "yes." Pitsker informed defendant that he (Pitsker) was a federal officer and inquired if defendant was "Geoffrey Thompson— Godfrey Thompson." Defendant replied that he was Geoffrey Thompson. Pitsker then informed defendant, "I've got a warrant for your arrest." He also asked defendant whether defendant lived at the premises, to which defendant answered that he did. Thereupon Pitsker walked inside and placed defendant under arrest pursuant to the warrant. Agent Pitsker entered the premises first, followed by Deputy Sheriff Piceno.

After Deputy Piceno was five or six feet inside the residence, he noticed for the first time some marijuana seeds on the floor and an "alligator clip" (a "roach holder" which enables one to smoke the "roach" closer to its end) on a coffee table in the room. The discovery of these items, together with defendant's arrest pursuant to the warrant, led to a search of the entire premises and the eventual finding of marijuana plants growing in a pot on the rear porch. These growing marijuana plants constitute the gravamen of the offense charged in the information set aside under the 995 motion.

It is unnecessary to narrate Deputy Piceno's testimony relative to information he had concerning defendant which he testified was received from reliable confidential informants whose identity he refused to disclose under section 1042 of the Evidence Code, or Agent Pitsker's testimony as to information received from Customs Agent Jackson, other than that set forth in the complaint supporting the warrant and not shown to have been brought to the attention of the federal commissioner who issued the warrant.

Deputy Piceno testified that he had no intention of arresting defendant for any California crime when he went to the premises, but that he went "for the sole purpose of assisting the Customs Agent," only to assist

Agent Pitsker as a "back-up man" to arrest defendant for a federal offense. He specifically and forthrightly testified, "my search was not based on my informant's information." Nor did he conduct the search of the premises as a part of the federal arrest, but only because of the marijuana seeds and paraphernalia he observed after he was inside the premises.

When defense counsel at the preliminary hearing sensed that perhaps the People were trying to establish a justification for the entry, arrest, and search on the basis of probable cause aside from the warrant (*People v. Chimel* (1968) 68 Cal.2d 436, 440-442 [67 Cal.Rptr. 421, 439 P.2d 333], reversed sub nomine *Chimel* v. *California* (1969) *supra,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034] on issue of scope of permissible search incident to an arrest) he sought to cross-examine Agent Pitsker extensively on this additional information which he testified on direct examination was received from other customs agents and Deputy Piceno. The committing magistrate, however, stopped this line of questioning by defense counsel, ruling the arrest warrant valid, and that no additional probable cause need be established. The committing magistrate held the defendant to answer in the superior court, notwithstanding his opinion that the complaint and warrant of arrest did not comply with state standards set forth in *People* v. *Sesslin* (1968) 68 Cal.2d 418 [67 Cal.Rptr. 409, 439 P.2d 321], because the warrant in question was a federal warrant.

Agent Pitsker also frankly stated that entry into defendant's premises was made by virtue of the warrant of arrest and for the purpose of arresting defendant under the warrant. He had no search warrant, but only an arrest warrant, which was the situation in *Giordenello* v. *United States* (1958) 357 U.S. 480 [2 L.Ed.2d 1503, 78 S.Ct. 1245]. The basis for a warrantless arrest and search was not discovered until after entry had been effected under authority of the warrant. It is undisputed that the contraband which was the subject of the federal offense was already in the hands of the federal authorities. "Just as the police must have sufficiently particular reason to enter at all, so must they have some particular reason to enter in the manner chosen" (*People* v. *Gastelo* (1967) 67 Cal.2d 586, 589 [63 Cal.Rptr. 10, 432 P.2d 706]), which was to arrest under the arrest warrant.

We, therefore, proceed to consider the validity of the arrest warrant. ■ "It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention." (*Aguilar* v. *Texas* (1964) 378 U.S. 108, 109, fn. 1 [12 L.Ed.2d 723, 725, 84 S.Ct. 1509, 1511, fn. 1].) ■ There was no underlying indictment. The warrant was bottomed only on a complaint

signed by a James H. Jackson, describing himself as a customs agent. The entire body of the complaint, subscribed and sworn to on February 6, 1969, consists only of the following:

"That on or about 7-3-68 in San Diego County, within the Southern District of California, defendant(s) Geoffrey THOMPSON did conspire with defendant Phillip CAMPBELL & with intent to defraud the United States, knowingly smuggled and clandestinely introduced, without declaration and invoicing, approximately 7 pounds of marihuana into the United States from Mexico.

"And the complainant states that this complaint is based on information received from Customs officials at the San Diego port of entry and from co-conspirator Richard Phillip CAMPBELL that defendant entered the United States from Mexico without declaring said marihuana in any manner, and thereafter, said marihuana was found concealed within a 1962 Chevrolet Corvair, California License JON 739 driven by defendant Richard Phillip CAMPBELL, the sole occupant."

■ The People's argument in their opening brief that the warrant of arrest and the supporting complaint were not in evidence and hence not a part of the record on appeal is not tenable. The transcript of the preliminary hearing clearly reflects that the magistrate intended these as a part of the record to be transmitted to the superior court along with the reporter's transcript of the preliminary hearing, and the superior court did treat these documents as being before it. They are in the clerk's transcript on appeal.

■ The transcript of the preliminary hearing reflects some hesitancy on the committing magistrate's part to pass upon the validity of the arrest warrant because it had been issued by a federal commissioner. Absent an adjudication of its validity by federal judicial authorities, it is incumbent upon a state authority to pass upon its validity where it becomes crucial in a state proceeding. It presents a situation no different from that presented where the validity of a document or an act is determined by a state court applying federal law in a judicial proceeding within its jurisdiction. Where a constitutional right under the Fourth Amendment is asserted, the constitutional standards for testing the merit of the claim are the same in both federal and state courts. (*Mapp* v. *Ohio* (1961) 367 U.S. 643 [6 L.Ed.2d 1081, 81 S.Ct. 1684].)

■ Under the criterion set forth in the *Giordenello* case, *supra,* the first paragraph of the complaint is a conclusion lacking any underlying facts which would enable the commissioner to make his own independent finding of probable cause *vel non* of the crime charged or that defendant

had committed it. (See 357 U.S. at pp. 486-487 [2 L.Ed.2d at pp. 1509-1510, 78 S.Ct. at p. 1250].)

Nor does the second paragraph set forth any additional facts, hearsay or otherwise, which would meet the requirements of *Spinelli* v. *United States* (1969) 393 U.S. 410 [21 L.Ed.2d 637, 89 S.Ct. 584], decided on January 27, 1969, which was 10 days prior to February 6, 1969, when the complaint here in question was subscribed and sworn to, or of *Aguilar* v. *Texas* (1964) *supra*, 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509]. The allegation that the complaint is based "on information received from Customs officials at the San Diego port of entry" lacks specificity as to who the customs officials were, the nature of the information, or the time, place, or circumstances under which the information was received, so that the commissioner could independently assess the reliability of the information allegedly received from that source. (Cf. *People* v. *Pease* (1966) 242 Cal.App.2d 442, 448-451 [51 Cal.Rptr. 448].) There is no statement of underlying facts which would justify the commissioner to conclude that Richard Phillip Campbell was a co-conspirator of the defendant. Consequently, without more, reasonable and probable cause to believe defendant to have been a co-conspirator of Campbell is not established. Lacking the requisite underlying facts which would constitute reasonable and probable cause to believe that defendant conspired with Campbell in violation of federal law to smuggle marijuana into the United States from Mexico without declaring it, we hold the warrant of arrest to be invalid. (*People* v. *Scoma* (1969) 71 Cal.2d 332 [78 Cal. Rptr. 491, 455 P.2d 419]; cf. *People* v. *Hamilton*, 71 Cal.2d 176, 179-180 [77 Cal.Rptr. 785, 454 P.2d 681].)

█ The entry into defendant's residence under the invalid warrant was, therefore, illegal. █ It is well settled that evidence obtained as a result of an illegal entry carries with it the taint of illegality in absence of proof that the illegality had become attenuated. (*Wong Sun* v. *United States* (1963) 371 U.S. 471, 485-486 [9 L.Ed.2d 441, 453-454, 83 S.Ct. 407, 416]; *People* v. *Johnson* (1968) 68 Cal.2d 629, 632 [68 Cal.Rptr. 441, 440 P.2d 921]; *People* v. *Haven* (1963) 59 Cal.2d 713, 718 [31 Cal. Rptr. 47, 381 P.2d 927]; *People* v. *Kanos* (1969) 70 Cal.2d 381, 385, 386 [74 Cal.Rptr. 902, 450 P.2d 278].) █ Since the entry was illegal, Deputy Piceno's subsequent observations of the marijuana seeds and the "alligator clip" did not justify the warrantless search, because he was not in a position or place where he was legally entitled to be at the time he first made his observation of them. (*People* v. *Marshall* (1968) 69 Cal.2d 51, 58 [69 Cal.Rptr. 585, 442 P.2d 665], citing *Harris* v. *United States*

(1968) 390 U.S. 234, 236 [19 L.Ed.2d 1067, 1069, 88 S.Ct. 992, 993].) Since the warrant of arrest was invalid, the arrest was illegal and the search, therefore, could not be justified as one made incidental to a legal arrest. (*Giordenello* v. *United States* (1958) *supra,* 357 U.S. 480 [2 L.Ed. 2d 1503, 78 S.Ct. 1245].) No justification for a warrantless entry to effect a warrantless arrest was established at the preliminary hearing so no search could be justified as being incidental to a warrantless arrest.

The order setting aside the information is affirmed.

Kaus, P. J., and Reppy, J., concurred.