Filed 8/23/23  In re A.M. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B319211 (Super. Ct. No. FJ56986) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>A.M.,<br><br>    Defendant and Appellant. | |

A.M. appeals the juvenile court's order sustaining allegations he possessed a concealed firearm (Penal Code, § 25400, subd. (a)(2))[1] and carried a loaded and unregistered handgun (§ 25850, subd. (a)).  (Welf. & Inst. Code, § 602.)  He contends the juvenile court erred by allowing the People to add

_____

[1] All undesignated statutory references are to the Penal Code unless otherwise stated.

two felony counts to the petition without adequate notice. He also contends the court erred by denying his motion to suppress evidence. We affirm.

FACTS AND PROCEDURAL BACKGROUND

Police received an anonymous report of suspected gang activity at an abandoned house in South Central Los Angeles. Officers drove to the address, parked down the street, and approached on foot. A gate blocked the driveway and partially obstructed their view of the front yard. One of the officers spotted A.M. crouched behind the gate and greeted him. A.M immediately fled toward the back of the property, clutching the waistband of his pants while he ran.

The officers set up a "perimeter" because they suspected A.M. was carrying a gun. They found him hiding under a car and detained him while they searched for a weapon. They recovered a 9 millimeter handgun nearby with an extended magazine containing 24 rounds of ammunition.

The People filed a wardship petition alleging one misdemeanor count of possessing a firearm (count one; § 29610). They amended twice. The first amended petition added one felony count of concealed firearm possession by a street gang participant (count 2; § 25400, subd. (a)(2)). The second amended petition dropped the misdemeanor count and added two additional felonies: carrying a loaded firearm by a member of a prohibited class (count 3; § 25850, subd. (a)); and carrying a loaded and unregistered handgun (count 4; § 25850, subd. (c)(6)).

The parties appeared for adjudication and pre-adjudication motions on Thursday, March 3, 2022. A.M.'s counsel explained she had received the second amended petition only the day before. She accused the People of gamesmanship and requested an offer of proof in support of the new felony counts. The People

described the evidence they intended to offer and stated no new discovery was required. The court allowed the amendments.

A.M.'s counsel asked for a continuance to Monday, March 7 so she could better prepare her defense on the new counts. The court deferred ruling on the request and proceeded to hear A.M.'s motion to suppress. The court heard testimony from the officers who detained A.M. and located the gun. Before adjourning, the court instructed the parties to return on Monday to finish arguing the motion and to start adjudication. No proceedings were held on Friday.

The parties reconvened on Monday. The court denied the motion to suppress and began adjudication. The court found the allegations true on counts 2 and 4 true but found the allegations not true on count 3. The People agreed to dismiss the gang allegation on count 2 which reduced the offense to a misdemeanor. The court noted A.M.'s recent progress in school and placed him at home on probation over the People's objection.

DISCUSSION

*Petition Amendment*

A.M. argues the trial court erred by allowing last-minute amendments to the Petition. This lack of notice, he argues, gave him insufficient time to prepare a defense to the two additional felony counts. We acknowledge the tardiness of the People's amendments but there is no error.

Due process requires a minor receive adequate notice of a charge so they may intelligently prepare a defense. (*In re Robert G.* (1982) 31 Cal.3d 437, 442.) The People must notify the minor in writing of "'the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.' [Citation.]" (*Ibid.*)

3

We review the court's decision to allow the amendments for abuse of discretion.  (*In re Man J.* (1983) 149 Cal.App.3d 475, 481.)

The People added two felony counts to the petition less than a day before adjudication was scheduled to begin.  It then opposed A.M.'s request for a brief continuance, insisting defense counsel did not need additional time to prepare because the People did not plan to introduce new evidence.  The People did not explain why they belatedly added the new felony counts but clearly A.M. received little notice before adjudication.

We nevertheless conclude A.M. received adequate time to prepare his defense.  While arguing pre-trial motions on March 3, defense counsel requested the court "go forward with the adjudication on Monday [i.e., March 7] to give me ample time to prepare instead of this afternoon."  The court did not rule on the request.  Instead, it directed the parties to use the afternoon to hear two pending motions in limine and A.M.'s motion to suppress.  These motions consumed the balance of March 3.  The court then adjourned until March 7, at which time defense counsel stated A.M. was ready to proceed with adjudication.  The People called the same two witnesses who had testified at the motion to suppress hearing and offered the same exhibits into evidence.  There is no showing that A.M. did not have sufficient time to prepare or would have presented his defense differently with more notice.  (See *In re Jesse P.* (1992) 3 Cal.App.4th 1177, 1184 [trial court did not abuse its discretion when amended counts were based on information already available to appellant and appellant "[did] not attempt to explain how his defense would have been any different"].)

*Motion to Suppress*

A.M. challenges the trial court's order denying his motion to suppress the evidence flowing from his unlawful detention,

including the handgun found near the point of arrest. A.M. cites *Florida v. J.L.* (2000) 529 U.S. 266 [146 L.Ed.2d 254] to argue the anonymous tip received by police did not justify his detention. He also asserts the People ran afoul of the *Harvey-Madden* rule by failing to elicit testimony from the law enforcement personnel who received the tip and passed the information to the officer who detained him. (*People v. Madden* (1970) 2 Cal.3d 1017; *People v. Harvey* (1958) 156 Cal.App.2d 516; see *In re Eskiel S.* (1993) 15 Cal.App.4th 1638, 1643 ["Justifying an arrest or detention based on information received by an officer through 'official channels' requires the prosecution to trace the information . . . back to its source and prove that the originating or transmitting officer had the requisite probable cause or reasonable suspicion to justify the arrest or detention"].) He asserts "[t]he officer's observations of the house on San Pedro also fell short of adequate support" and that "the sole basis for believing that criminal activity was taking place at/in and around the house on San Pedro was the information received from the" anonymous tip. We disagree.

The anonymous tip prompted police to canvass a specific area for possible gang and drug activity. A.M.'s detention and eventual arrest, however, flowed from the officers' observations after arriving on scene, independent of the information provided by the tip. The officer who detained A.M. first saw him from the public sidewalk. What happened next constituted probable cause to detain A.M. He clutched his waistband when the officer spoke and began running. A.M.'s left hand remained at his waist while he ran, leading the officer to suspect A.M. was carrying a concealed firearm without a holster. Police established a perimeter around adjacent properties so they could locate A.M. They narrowed the search after a resident showed them security

5

footage on his phone showing A.M. come onto his property.  The video showed him still clutching his waistband.  The officer found A.M. in the backyard.  They justifiably detained him in this area while they searched for the suspected firearm.

DISPOSITION

The order sustaining the petition is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P.J.

YEGAN, J.

6

Miguel Espinoza, Judge
Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield, Supervising Deputy Attorney General, Christopher G. Sanchez, Deputy Attorney General, for Plaintiff and Respondent.