[Civ. No. 18096.   First Dist., Div. Two.   Oct. 20, 1958.]

ERNEST N. SOWELL, Appellant, v. MARLEEN L. SOWELL, Respondent.

*Assigned by Chairman of Judicial Council.

Oswald G. Ingold and Henry Poppic for Appellant.

Leo J. Todd for Respondent.

KAUFMAN, P. J.—This appeal is taken from an order setting aside the respondent's default and the interlocutory decree of divorce granted to the appellant. The sole ground urged for reversal is that, in granting respondent's motion, the trial court abused its discretion as the affidavits fail to show that the default was entered through mistake, inadvertence, surprise or inexcusable neglect and the record itself indicates that the respondent could have filed her answer and cross-complaint any time after July 29, 1957. No respondent's brief having been filed, the case is submitted on the clerk's transcript and appellant's brief pursuant to rule 17(b) of the Rules on Appeal.

The clerk's transcript indicates that appellant's complaint for divorce was filed on June 7, 1957. After exchange of correspondence between counsel for the respective parties, a reconciliation was attempted on June 29, 1957. On July 14, 1957, the parties separated again. Defendant's answer and cross-complaint were executed but not filed on July 29, 1957. On September 13, 1957, appellant's counsel wrote to respondent's counsel requesting that the answer be filed in 10 days. On September 24, 1957, respondent's default was entered, and the interlocutory decree granted on September 27, 1957. On September 27, 1957, respondent filed her answer and cross-complaint. On October 16, 1957, respondent filed notice of her motion to set aside the default and interlocutory decree. The motion was made on the ground that the default was entered through the mistake, inadvertence, surprise and inexcusable neglect of respondent's counsel. The respondent's affidavit of merits states that she has been deprived of her

right to care, support and maintenance during the pendency of the action as the plaintiff's complaint does not set forth the community property belonging to the parties. The affidavit of respondent's counsel states that it was necessary for him to be absent from his office for business reasons before the 25th of September 1957, and that he filed the answer and cross-complaint immediately on being notified that the appellant intended to proceed on the original complaint. ■ As we pointed out in *Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610 at 612 [301 P.2d 426], the failure to file respondent's brief imposes an unnecessary burden on this court, and at least raises the inference that respondent concedes that the appeal is meritorious.

■ We are, however, aware of the rule that appellate courts generally are more inclined toward upholding orders vacating defaults in order to dispose of cases on their merits wherever possible. (*Stub* v. *Harrison,* 35 Cal.App.2d 685 [96 P.2d 979].) In divorce actions, because of the interest of the state, this rule is particularly applicable. (*Gregory* v. *Gregory,* 92 Cal.App.2d 343 [206 P.2d 1122] ; *Rehfuss* v. *Rehfuss,* 169 Cal. 86 [145 P. 1020].) ''Even in a case where the showing under section 473 is not strong or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application.'' (*Garcia* v. *Garcia,* 105 Cal.App.2d 289, 291 [233 P.2d 23].)

■ While here there is no clear evidence of conduct on the part of appellant's counsel which misled the respondent or her counsel, there is some indication of confusion between counsel because of the attempted reconciliation and a separate maintenance action pending in another county. The record indicates that respondent's actions took place immediately on notice of the default. We think this case falls within the doubtful category and that the trial court properly resolved the doubt in favor of the respondent. No prejudicial error appearing, the order setting aside the default and interlocutory decree must be affirmed.

Order affirmed.

Draper, J., and Martinelli, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.