[Civ. No. 19766.   First Dist., Div. Two.   Aug. 17, 1961.]

MATTIE HILL, a Minor, etc., et al., Appellants, v. ALLEN
JACK JOHNSON et al., Defendants; ARDIS TAYLOR,
Respondent.

George D. Carroll for Appellants.

Joseph W. Jay, Jr., and D. W. Brobst for Respondent.

KAUFMAN, P. J.—This is an appeal by the plaintiffs,
Mattie Hill, a minor, by Louis R. Hill as her guardian *ad*
*litem*, and by Louis R. Hill, as her father, from an order
granting a motion to vacate and set aside a default and
default judgment against the defendant, Ardis Taylor, indi-
vidually and doing business as Taylor's Janitorial Service.
The arguments on appeal are: (1) The order vacating the
default was void as the court was without jurisdiction since
the motion was made more than six months after the entry

of the default and default judgment; (2) There was no extrinsic fraud on the defendant Taylor; (3) The judgment against Taylor was not void, as by permitting the entry of the default, the defendant confessed the material allegations of the complaint which made him liable as a joint tortfeasor.

On June 26, 1959, appellants filed their complaint seeking damages for personal injuries sustained by Mattie Hill when struck by an automobile driven by Allen Jack Johnson, the employee of the respondent. Both defendants were personally served with process on July 3, 1959. On August 19, 1959, an attorney filed an answer on behalf of the defendant Johnson only. No answer was filed on behalf of the defendant Taylor.

On September 3, 1959, plaintiffs' attorney received a letter from Johnson's attorney, setting the date for taking the deposition of the plaintiffs and Johnson; this letter stated: "Please notify the attorney for Ardis Taylor once you learn his identity." Plaintiffs' attorney thereafter informed Johnson's attorney that to date Taylor had no attorney and that no answer had been filed on behalf of Taylor.

On September 15, 1959, appellants' attorney filed his motion to enter the default of Taylor. On September 22, 1959, the court entered a default judgment against Taylor. On September 21, 1960, respondent filed his motion to vacate and set aside the default and judgment, alleging that his failure to answer the complaint was due to the mistake, inadvertence and excusable neglect on the part of counsel, who was to defend him. The motion was supported by respondent's affidavit alleging that at the time of the accident, he was fully covered for property damage and liability with Allstate Insurance Company which was obligated to furnish him with counsel and defend the action; that after he was served, he delivered the summons and complaint to Allstate; that the policy with Allstate was excess or secondary as the automobile involved in the accident was owned and driven by Johnson and covered by a Fireman's Fund policy which listed Taylor as an "insured"; that thereafter, he was informed that the complaint and summons had been turned over to Fireman's Fund and that he believed his interest was being fully represented; and that at the time of the accident, Johnson was not an employee or agent of his but engaged in activities wholly unconnected with his business.

The motion was also supported by additional affidavits from C. C. Thompson, an insurance investigator, and W. W. Kitchel, the attorney for Johnson. Thompson's affidavit al-

leges that he had many conversations with appellants' counsel, informed him of the fact that Fireman's Fund was representing both Johnson and Taylor and on August 5 mailed him a letter to the same effect.

The Kitchel affidavit alleges that on August 14, 1959, he was retained by Fireman's Fund Insurance Company to defend Johnson and Taylor and filed the answer on behalf of Johnson, but inadvertently failed to answer at the same time for Taylor; that he had many conversations with appellants' counsel and undertook settlement negotiations in good faith, but that at no time did plaintiffs' counsel inform him that no answer had been filed on behalf of Taylor, or the default judgment; that appellants' counsel knew that at the time of the accident, Johnson, although an employee of Taylor, was not working but was on his way home from a personal shopping trip; that plaintiffs' counsel had been informed of this fact by the insurance investigator Thompson, both before the filing of the complaint and again thereafter; that after the filing of the answer in August 1959, nothing occurred to alert him of his inadvertent mistake until August 1960, when he first learned of the default against Taylor; that after telephone conversations with plaintiffs' counsel, the latter agreed to stipulate to an order vacating the default, but thereafter refused to carry out the stipulation; that plaintiffs' counsel further misled him, when on June 30, 1960, after obtaining the default judgment of $6,250, he demanded $3,858.96 to settle the action.

The affidavit of plaintiffs' counsel negates all of the allegations of the Thompson-Kitchel affidavits and is likewise supported by appropriate exhibits, etc.

The first argument on appeal is that the order vacating and setting aside the default and default judgment was void for lack of jurisdiction, as it was made more than 6 months after the default and judgment were entered.

Defendant argues, and we agree, that the motion here made was not based on section 473 of the Code of Civil Procedure as in the authorities cited by the plaintiffs, but was addressed to the equity power of the superior court to set aside the judgment on grounds of mistake of fact (*Evry* v. *Tremble,* 154 Cal.App.2d 444 [316 P.2d 49]; *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]). There is no question that where a party was prevented by extrinsic accident and mistake of fact from presenting his defense, such

accident and mistake furnishes a ground for equitable intervention (*Hallett* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3]).

The second argument on appeal is that there was no extrinsic fraud on the defendant Taylor. This contention is entirely irrelevant because there was extrinsic mistake shown. The above summary of the facts indicates that the issues here presented depended on the resolution of conflicting matters of fact. The facts believed by the trial court show extrinsic mistake on the part of defendant that prevented him from having a fair adversary hearing (see *Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]). The resolution of conflicting facts was solely within the province of the trial court sitting as a court of equity and we can find no abuse of discretion. Furthermore, there is no possible prejudice to the plaintiffs as the matter must still be determined on the merits (*Sowell* v. *Sowell,* 164 Cal.App.2d 371 [330 P.2d 391]).

Order affirmed.

Draper, J., and Shoemaker, J., concurred.