Burke, J.
Defendant appeals from an order of the Appellate Term affirming the judgment of conviction of the Criminal Court of the City of New York, Kings County* convicting him, upon *391 his plea of guilty, of unlawful possession of narcotics (Public Health Law, § 3305) and sentencing him to six months in the penitentiary.
At the suppression hearing Detective James Bryan testified that, on July 6, 1966, he placed defendant under observation for approximately 15 minutes. Then, inside a store, defendant approached the officer, whom he recognized from a previous narcotics arrest. Upon seeing the detective, Whitehurst exclaimed, “ Oh no. Not you again.” Whereupon Bryan, according to his testimony, replied, “ Yes, it’s me. What have you got this time? ” On cross-examination the officer acknowledged that this question referred to narcotics. Apparently, the defendant also understood the officer’s question, because he reached into his pocket, took out two glassine envelopes, placed them on the counter in front of Bryan and said, “ That’s all I’ve got.”
During .the course of the suppression hearing a question arose as to the burden of proof when defendant’s trial counsel asked for a stipulation from the assistant district attorney that the issue was one of consent and that, in that posture, the burden of proof was on the People. The court stated that consent was not involved, that in placing the contraband on the counter, defendant had acted voluntarily. The question thus presented is whether the hearing jurist improperly placed the burden of proof on defendant.
The trial court’s response to the request for a stipulation demonstrates the confusion which prevails generally in the lower courts as to the several procedural variants at property suppression hearings (Code Crim. Pro., § 813-c et seq.). Initially, the defendant carries the burden of proof when he challenges the legality of a search and seizure (see, e.g., Nardone v. United States, 308 U. S. 338, 342), but the People have the burden of going forward to show the legality of the police conduct in the first instance (People v. Malinsky, 15 N Y 2d 86, 91, n. 2). When a search and seizure is based upon consent, however, the burden of proof rests heavily upon the People to establish the voluntariness of that waiver of a constitutional right. In Bumper v. North Carolina (391 U. S. 543) the court stated: “When a prosecutor seeks to rely upon consent to justify the lawfulness of a search, he has the burden of proving that the consent was, in fact, freely and voluntarily given” (p. 548).
*392 In the context of this case, as it developed from the mouth of the People’s witness, we cannot say that the hearing court properly applied the burden of proof. When Detective Bryan stated that he asked, “What have you got this time?” he injected the issue of consent into the case. No matter the perspective from which the quoted words are viewed, they remain interrogative. They are couched in terms of a request, and an affirmative response by word or by deed would constitute a constitutional waiver.
The People argue that defendant surrendered the contraband without the prompting of the request, but the record before us does not support that conclusion. Detective Bryan stated that he asked the question and admitted as well that he, Bryan, was referring to narcotics. Moreover, he testified that he knew defendant from a previous narcotics arrest. Finally; and perhaps most significantly, he testified that defendant did not place the glassine envelopes on the counter until after the question was asked.
Under the circumstances the burden of proof was on the People. Therefore, the defendant ought to have the factual issue determined in accordance with constitutional standards, and a new suppression hearing should be held (People v. Malinsky, 15 N Y 2d 86, supra).
Accordingly, the judgment of conviction should be reversed, and the case remanded to the Criminal Court for a new hearing.