[L. A. No. 29645. In Bank. Dec. 17, 1969.]

JOHN PETER ABT, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Barry Tarlow and Robert N. Harris, Jr., for Petitioner.

No appearance for Respondent.

Evelle J. Younger, District Attorney, Harry Wood, Harry B. Sondheim, Maurice H. Oppenheim, and Donald Kaplan, Deputy District Attorneys, for Real Party in Interest.

## Opinion

**PETERS, J.**—Defendant John Peter Abt petitions for a writ of prohibition after the Los Angeles Superior Court denied a motion to suppress evidence.

John Peter Abt was charged by information with transporting marijuana (Health & Saf. Code, § 11531), possession of marijuana for sale (Health & Saf. Code, § 11530.5) and possession of marijuana (Health & Saf. Code, § 11530). Abt moved the trial court to suppress all evidence of the charged offenses (under Pen. Code, § 1538.5). The motion was denied.

In this proceeding he urges that marijuana seized at the Los Angeles International Airport and all the "fruits" of the seizure should be suppressed.

Abt brought two packages to the American Airlines freight service at Los Angeles International Airport on February 11, 1968, to be shipped to New York. While the packages were being accepted by an airlines employee, one Dunkel, another airlines freight employee, observed Abt "standing there," and noted that Abt was a "hippie type with a big dark black beard," and that the packages were large, wrapped in brown paper, and tied with regular yellow string.

Dunkel had "been told to be on the lookout of any type of people, hippie or anybody, with any suspicious packages," by his supervisor. The police had told him to be on the lookout for suspicious packages, such as trunks of any size, padlocked suitcases, and packages, and to call the Narcotics Bureau if he was suspicious. Dunkel was "suspicious;" he observed Abt's car and wrote down a description of the car and the license number, and he instructed another employee to take the packages to his work area.

After obtaining permission from his supervisor, Dunkel cut open one of the packages with a knife, observed something wrapped in tinfoil, opened the tinfoil, and observed "forms of grass." Dunkel had previously discovered marijuana by searching suitcases and had learned to identify marijuana from this exposure. Dunkel then closed the package and phoned the police. Dunkel testified that he was "aware" of the CAB regulations authorizing inspections.

The police officer observed several tinfoil-wrapped packages through a hole in the box. He opened the box completely, and removed one of the packages and observed the marijuana through the torn tinfoil wrapping. Abt was arrested after the police traced the license number on the car through an auto leasing company to Abt who had rented the car.

The People stipulated that the police had no warrant to search Abt's packages. The burden was then on the prosecution to justify the search and seizure. (E.g., *People* v. *Marshall,* 69 Cal.2d 51, 56 [69 Cal.Rptr. 585, 442 P.2d 665].)

In *People* v. *McGrew, ante,* pp. 404, 409-413 [82 Cal.Rptr. 473, 462 P.2d 1], it is concluded that personal effects whether or not on the premises of the owner are protected by the Fourth and Fourteenth Amendment, and that the inspection clause contained in the airline tariff and incorporated by reference on the back of the airbill does not constitute a consent to searches by police officers totally unrelated to the interests of the airline.

We find it unnecessary to determine whether Dunkel, the airline employee, was acting as an agent of the police in opening the package because even assuming he was not, the marijuana must be excluded because the subsequent search of the packages by the police was unlawful.

*People* v. *Marshall, supra,* 69 Cal.2d 51, 57, makes clear that with certain exceptions probable cause to believe that "a search will reveal contraband . . . does not justify a search without a warrant."

The exceptions to the requirement of a warrant are limited to situations where the search is incident to a lawful arrest, where there is a danger of " 'imminent destruction, removal, or concealment of the property intended to be seized' "; or where the evidence is in plain sight, which "is, in fact, no search for evidence." (*People* v. *Marshall, supra,* 69 Cal.2d at pp. 56, 60-61.)

None of the exceptions applies to this case. When the packages checked with American Airlines were searched by the police. Abt was neither present nor arrested until the day after the search (see *People* v. *Marshall, supra,* 69 Cal.2d 51, 61), after the police traced the car to the owner and then to Abt. There was no likelihood that the packages would be removed or the contraband destroyed; both packages were safely in the custody of the airlines.

Finally, the evidence was not in plain sight. Although the outer wrappings of the packages were cut open before the officer arrived, all that appeared in plain sight were tinfoil-wrapped packages. "It is inherently impossible for the contents of a closed opaque container to be in plain view regardless of the size of the container or the material it is made of. A search of the container is necessary to disclose its contents. A search demands a search warrant." (*People* v. *Marshall, supra,* 69 Cal.2d at p. 59; *People* v. *McGrew, supra, ante,* p. 410; *People* v. *Hawkins,* 273 Cal.App.2d 529, 533 [78 Cal.Rptr. 286].) The probability that a carton of brick-shaped tinfoil-wrapped packages will contain marijuana is not sufficient to justify a search without a warrant.

In *People* v. *McGrew, supra, ante,* pp. 410-413, we held as to a search and seizure conducted by police officers in similar circumstances that the search and seizure could not be justified on either the theory that the defendant consented to the search or the theory that the search was the result of good faith and reasonable mistake.

Although in seeking prohibition petitioner has mistaken his remedy, he has nevertheless made out a case entitling him to mandate. Accordingly,

we treat the petition as one for mandate. (*Stapleton* v. *Superior Court,* 70 Cal.2d 97, 105 [73 Cal.Rptr. 689, 448 P.2d 385].).

The alternative writ heretofore issued is discharged. Let a peremptory writ of mandate issue directing the respondent superior court to suppress the marijuana seized at the airport and the "fruits" of the seizure.

Traynor, C.J., Tobriner, J., and Sullivan, J., concurred.

**MOSK, J.**—I dissent for the reasons set forth in my dissent in *People* v. *McGrew, ante,* p. 414 [82 Cal.Rptr. 473, 462 P.2d 1], except that in this instance the trial court properly denied the motion under Penal Code section 1538.5 to suppress evidence and the Court of Appeal properly denied an extraordinary writ. There is no justification for this court to issue a peremptory writ of mandate directing the superior court to suppress the marijuana seized at the airport or any "fruits" thereof. The case should proceed to trial in order to determine the defendant's innocence or guilt.

McComb, J., and Burke, J., concurred.