[Crim. No. 16508. Second Dist., Div. Five. Feb. 24, 1970.]

THE PEOPLE, Plaintiff and Appellant, v.
RICHARD LENWOOD CARSON, Defendant and Respondent.

**COUNSEL**

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Evelle J. Younger, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

**OPINION**

**AISO, J.**—Defendant was charged by information, dated October 18, 1968, with illegal possession of heroin in violation of section 11500.5 [*sic*] of the Health and Safety Code.[1] Defendant apparently made an oral

---

[1]While the record reflects that a Penal Code section 995 motion was made and denied, it does not inform us whether the discrepancy, between the language of the information charging possession alone and the enumeration of section 11500.5 of the Health and Safety Code which proscribes possession for sale, was ever raised.

motion to suppress evidence under section 1538.5 of the Penal Code on October 23, 1968.[2]  On February 6, 1969, the date to which hearing had been continued at defendant's request, the court ordered the prosecution to put on its case. The order was made not in the exercise of the court's discretion controlling the order of proof (Evid. Code, § 320), but in pursuance of its view that upon a motion to suppress evidence under section 1538.5 of the Penal Code the burden "of producing evidence" (coming forward with evidence) (Evid. Code, § 110), as well as the burden of persuasion (Evid. Code, § 115), was upon the People.

The prosecution remonstrated that the motion to suppress was the defendant's motion, that it was not supported by any affidavit or offer of stipulation to use the transcript of the preliminary hearing as evidence,[3] and that the burden of coming forward with some evidence in support of the grounds of this naked motion was upon the defendant. The court disagreed and noted that the People were resting their case by refusing to proceed as ordered. The court then turned to defense counsel and inquired, "Now, what does the defendant do?" Defense counsel replied, "In light of the Court's remarks, I feel there is no necessity for proceeding" and concluded with the balance of his statement set forth in the second paragraph of footnote 2, *supra*. The court, thereupon, granted defendant's motion stating: "I'll specify, particularly . . . . This is an arrest for possession of heroin.  The evidence apparently which lead [*sic*] to this arrest was a discovery of heroin on the person of the defendant and that any evidence of the possession of heroin is stricken."

The People appeal from the court's pretrial order dismissing the action under section 1385 of the Penal Code following this grant of defendant's motion to suppress evidence. (Pen. Code, § 1238, subd. 7.) Defendant has

---

[2]The minute order merely states: "Motion under Section 1538.5 Penal Code and trial are continued to December 4, 1968. . . ." The motion, the grounds thereof, and identification of the tangible or intangible item of evidence to be suppressed are not set forth in that particular minute order or any other as prescribed by *Thompson* v. *Superior Court* (1968) 262 Cal.App.2d 98, 103-104, fn. 3, and pp. 103-106 [68 Cal.Rptr. 530].

The reporter's transcript of the oral proceedings had on February 6, 1969, contains the following statement by defense counsel: "We have made our motion to exclude evidence, the motion before the Court; we allege that the arrest of the defendant was illegal and that as a result, therefore, the evidence obtained following his arrest was illegally obtained and must be precluded from being admitted in evidence in the trial of this matter, and we so move." We are not called upon in this case to pass upon whether the evidence to be suppressed was adequately identified, the burden of which is upon the defendant. (*People* v. *O'Brien* (1969) 71 Cal.2d 394, 401-402 [78 Cal.Rptr. 202, 79 Cal.Rptr. 202, 456 P.2d 969].)

[3]While a defendant's Penal Code section 995 motion was made and denied (fn. 1, *supra*), the record is silent as to whether the preliminary transcript could be used for the Penal Code section 1538.5 motion.

not filed a respondent's brief, raising at least an inference that he concedes the People's appeal to have merit. (*Weisberg* v. *Ashcraft* (1961) 194 Cal. App.2d 225, 230 [14 Cal.Rptr. 817]; *Sowell* v. *Sowell* (1958) 164 Cal. App.2d 371, 373 [330 P.2d 391]; *Brunscher* v. *Reagh* (1958) 164 Cal. App.2d 174, 175 [330 P.2d 396].)

■ The sole question is: Does a defendant who makes an oral motion to suppress evidence under section 1538.5 of the Penal Code have the burden of producing some evidence (coming forward with evidence) to establish the grounds of his motion? The answer is "Yes."

While the question is theoretically intriguing, it does strike us as being unfortunate, in view of the crowded calendars of both trial and appellate courts, that court and counsel on both sides could not have avoided the issue and proceeded to a determination of the motion on its merits.

A motion is an application made to the court for an order. (Code Civ. Proc., § 1003; Pen. Code, § 1102; *People* v. *Ah Sam* (1871) 41 Cal. 645, 650-651; *People* v. *Von Badenthal* (1935) 8 Cal.App.2d 404, 411 [48 P.2d 82].) On the hearing the movant has the burden to support his motion by proof. (*Scott* v. *Renz* (1945) 67 Cal.App.2d 428, 431 [154 P.2d 738]; *Colwell* v. *Union Central Life Ins. Co.* (1930) 59 N.D. 768, 777 [232 N.W. 10, 14, 88 A.L.R. 409, 414]; 60 C.J.S., Motions and Orders, § 37(5), pp. 48-49.) "The proper practice on motions is simple and well settled. The moving party first presents his case, and those who oppose then have a right to present theirs." (37 Am.Jur., Motions, Rules, and Orders, § 16, p. 508.) The foregoing is in conformity with section 500 of the Evidence Code, which provides: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or non-existence of which is essential to the claim for relief or defense that he is asserting." " 'Law' includes constitutional, statutory, and decisional law." (Evid. Code, § 160.)

Section 1538.5 of the Penal Code[4] specifically provides: "Nothing in this section shall be construed as altering . . . (iii) the law relating to the burden of proof regarding the search or seizure." (Pen. Code, § 1538.5, subd. (n)(iii).)

The case law provides: "The burden is on the defendant to raise the issue of illegally obtained evidence" (*People* v. *Prewitt* (1959) 52 Cal.2d

---

[4]The defendant is the movant in a section 1538.5 motion. (Pen. Code, § 1538.5, subd. (a).) The judge is to receive evidence on any issue of fact necessary to determine the motion. (*Ibid.*, subd. (c).) The validity of the search and seizure is to be determined de novo in the superior court, in case a defendant is bound over by a magistrate to the superior court to answer for a felony, on the basis of the evidence presented at the special hearing. (*Ibid.*, subd. (i).)

330, 335 [341 P.2d 1]). "In the absence of evidence to the contrary, it is presumed that the officers acted legally. . . . When, however, the question of the legality of an arrest or of a search and seizure is raised . . . , the defendant makes a prima facie case when he *establishes* that an arrest was made without a warrant or that private premises were entered or a search made without a search warrant, and the burden then rests on the prosecution to show proper justification." (Italics added.) (*Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23]; see also *Abt* v. *Superior Court* (1969) 1 Cal.3d 418, 420 [82 Cal.Rptr. 481, 462 P.2d 10]; *People* v. *Kanos* (1969) 70 Cal.2d 381, 384 [74 Cal.Rptr. 902, 450 P.2d 278]; *People* v. *Marshall* (1968) 69 Cal.2d 51, 56 [69 Cal.Rptr. 585, 442 P.2d 665].) Thus the initial burden of introducing or producing evidence to make out this prima facie case of illegality is on the defendant movant. (Evid. Code, § 110;[5] see Witkin, Cal. Evidence (2d ed. 1966) § 193, p. 178;[6] and *People* v. *Valverde* (1966) 246 Cal.App.2d 318, 321 [54 Cal. Rptr. 528].) ■ Evidence Code section 664 provides: "It is presumed that official duty has been regularly performed. This presumption does not apply on an issue as to the lawfulness of an arrest if it is found or otherwise established that the arrest was made without a warrant." The words "found or otherwise established" connote "based upon competent evidence." Thus the burden of taking the initiative to take the case out of the operative ambit of the first sentence of section 664 and into that of the second, rests upon the defendant making the motion under section 1538.5 of the Penal Code.

The case law antedating the promulgation of section 1538.5 also held that in a criminal case the burden of establishing the invalidity of a search warrant is on the defendant. (*People* v. *Wilson* (1967) 256 Cal.App.2d 411, 417 [64 Cal.Rptr. 172], cert. denied 391 U.S. 903 [20 L.Ed.2d 418, 88 S.Ct. 1653]; *Williams* v. *Justice Court* (1964) 230 Cal.App.2d 87, 97 [40 Cal.Rptr. 724]; *People* v. *Phillips* (1958) 163 Cal.App.2d 541, 546 [329 P.2d 621], overruled on another ground in *People* v. *Butler* (1966) 64 Cal.2d 842, 845 [52 Cal.Rptr. 4, 415 P.2d 819]; *People* v. *Acosta* (1956) 142 Cal.App.2d 59, 62 [298 P.2d 29].)

■ Consequently whether the arrest and search were with or without a warrant, the burden of coming forward with evidence sufficient to establish a prima facie case of an illegal arrest or an illegal search and seizure

---

[5] " 'Burden of producing evidence' means the obligation of a party to introduce evidence sufficient to avoid a ruling against him on the issue."

[6] "One party has the initial burden of introducing evidence, to make a 'prima facie case,' and thus avoid the risk of a nonsuit or other determination against him on the issue. It is 'the obligation not to sit by, or fail to take the lead in the production of evidence where the duty of initiative is on a party to introduce evidence or to make *prima facie* proof.' "

was on the defendant. Absent any evidence whatsoever before the court,[7] the defendant movant was not entitled to have his motion under section 1538.5 of the Penal Code granted.

The order of dismissal is reversed.

Kaus, P. J., and Stephens, J., concurred.

---

[7]The language found in *People* v. *Burke* (1964) 61 Cal.2d 575, 578 [39 Cal.Rptr. 531, 394 P.2d 67], must be interpreted in the light of the evidence before the court showing that defendant had been arrested following a search of the trunk of his car.