No. 24905.

THE PEOPLE OF THE STATE OF COLORADO *v.* DAVID VALDEZ
AND JOSEPH A. FLOREZ.
(480 P.2d 574)

Decided February 1, 1971.

Duke W. Dunbar, Attorney General, James D. McKevitt, District Attorney, Gregory A. Mueller, Assistant, Thomas P. Casey, Deputy, for plaintiff-appellant.

Ashen and Fogel, Marshall A. Fogel, for defendants-appellees.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

By interlocutory appeal, the People challenge the trial court ruling which granted the defendants' motions to suppress as evidence certain narcotics. These defendants are charged with possession of narcotic drugs and conspiracy to possess narcotic drugs. Their motions to suppress allege that the narcotics which they are charged with possessing came into police custody as a result of an unlawful search and seizure.

At the suppression hearing, the only evidence pre-

sented on behalf of the defendants was the testimony of defendant Florez. He testified that on May 24, 1970, the car which he was driving, and in which defendant Valdez was a passenger, was stopped by the police. No traffic offense was charged. However, both defendants were arrested for possession and conspiracy to possess narcotics.

With reference to the evidence sought to be suppressed, defendant Florez testified that after arrest, the police searched the area surrounding the car and found the narcotics which the defendants are charged with possessing. Defendant Florez in his testimony disclaimed any knowledge concerning this evidence. Implicit in this testimony is the fact that both defendants were arrested without warrants. Warrantless arrests are also clearly indicated from statements in the record made by counsel for the defendants and by the district attorney.

For reasons which are most difficult to understand, the district attorney saw fit to present no evidence whatsoever. At the conclusion of the hearing, the trial court in suppressing this evidence held that there "is no probable cause established for the arrest of the defendants, and obviously, any search and seizure would be violative of the defendants' constitutional rights." The court's ruling in effect states that the evidence here should be suppressed because it was seized incident to invalid arrests.

█ █ We affirm the ruling of the trial court. It is our holding that the evidence presented at the hearing was sufficient to show that each defendant was arrested without a warrant, and because no probable cause was shown by the People to validate these warrantless arrests, they must be adjudged unlawful. It therefore follows, as the trial court found, that any search and seizure incident to these arrests would be violative of the defendants' constitutional rights. The trial court therefore properly suppressed as evidence the narcotics which the defendants are charged with possessing.

In our view, this is a case involving burden of proof in a suppression hearing. We reject any suggestion that the issue here involves a question of the standing of the defendants to attack the legality of the arrests. As this case is postured, we can find no case law in Colorado which deals precisely with the relative burdens of proof or burdens of going forward in a suppression hearing involving evidence obtained after a warrantless arrest. Our research, however, has revealed that in other jurisdictions the prevailing law under similar facts is that a defendant's initial burden is to show only that his arrest was made without a warrant. Such a showing prima faciely establishes the illegality of the arrest and therefore the invalidity of any search and seizure which has been carried out as incident to the arrest.

The People thereupon have the burden of going forward with evidence tending to show justification for the warrantless arrest, or any other proof tending to show that the evidence was not in fact secured by the police as the result of a search and seizure, but was secured in some other way not tainted by an arrest without probable cause. See the following recent cases involving the application of the foregoing rules, and for good discussions pertaining to burdens of proof of defendant and the prosecution at a suppression hearing. *People v. Carson,* 4 Cal. App.3d 782, 84 Cal. Rptr. 699; *Tompkins v. Superior Court,* 59 Cal.2d 65, 27 Cal. Rptr. 889, 378 P.2d 113; *People v. Whitehurst,* 25 N.Y.2d 389, 306 N.Y.S.2d 673, 254 N.E.2d 905; *People v. Malinsky,* 15 N.Y.2d 86, 262 N.Y.S.2d 65, 209 N.E.2d 694; *People v. Mason,* 22 Mich. App. 595, 178 N.W.2d 181; *Brett v. United States,* 412 F.2d 401.

In urging this court to reverse the ruling of the trial court, the district attorney in his brief argues that the narcotics were abandoned and therefore the finding of them by the police did not involve a search and seizure, and that the evidence was not abandoned as a result of an illegal arrest. These arguments are sterile, worth-

less, and completely without persuasive value because they are totally unsupported by any evidence presented on behalf of the People. Nor can the district attorney gain any support for these arguments from the scant and indecisive testimony of defendant Florez when he denied knowledge concerning the narcotics which both defendants sought to suppress by their motions.

Ruling affirmed.

MR. JUSTICE GROVES concurs in the result.

MR. JUSTICE GROVES concurring in the result:

I concur in the result, but prefer that the disposition of this matter be dismissal of the appeal as frivolous.