■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE GAYLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered February 8, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the afternoon of March 1, 1988, the arresting officer and his partner were on routine anti-crime detail in their patrol car when they received a radio communication from other officers requesting assistance. Within seconds, the officers drove to the location specified in the radio transmission, a restaurant in Brooklyn, and stationed themselves at the front exterior of the restaurant. There they observed other officers in the process of arresting certain individuals, not including the defendant, as these individuals were exiting from the restaurant, one by one. As the arresting officer was peering into the restaurant through its large plate-glass window, he saw the defendant drop what appeared to be a gun into a garbage can. As the defendant came out of the restaurant, the officer asked his partner to detain him while he conducted an investigation. The officer then immediately retrieved a fully loaded and holstered .38 caliber weapon from the garbage can and arrested the defendant.

On appeal, the defendant claims, *inter alia,* that the hearing court erred in refusing to suppress the gun, claiming that it was discovered as a result of illegal police conduct. We disagree, and conclude that the hearing court's ruling was proper. It is true, as the defendant argues, that the People have the burden of going forward to demonstrate the legality of police conduct in the first instance, in order to defeat that branch of the defendant's omnibus motion which was to suppress the evidence *(see, People v Whitehurst,* 25 NY2d 389, 391; *see also, Matter of Carl W.,* 174 AD2d 678, 680; *People v Rojas,* 163 AD2d 1, 2). However, the People have met their burden here and we perceive no illegality in the actions of the police. The arresting officer had reason to detain the defendant while he ascertained whether the defendant had, in fact, dropped a gun in the garbage can. Upon finding the gun, the police officer had probable cause to arrest the defendant.

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review

or lack merit. Rosenblatt, J. P., Ritter, Pizzuto and Santucci, JJ., concur.